### Hart *against* Chalker and others.

The spirit of our recording system requires, that the record of a mortgage should disclose, with as much certainty as the nature of the case will admit of, the real state of the incumbrance.

Hence, if a mortgage is given to secure an ascertained debt, the amount of that debt must be stated.

If it is intended to secure a debt not ascertained, such *data* must be given respecting that debt as will put any one interested in the inquiry, upon the track leading to a discovery.

If given to secure an existing or a future liability, the foundation of such liability must be set forth.

Therefore, where the condition of a mortgage deed described the subject of the mortgage as a debt due from the mortgagor to the mortgagee, by note, dated 10th of *May*, 1834, on demand, with interest, without specifying the amount; it was held, that such mortgage was not a valid security as against subsequent incumbrancers.

THIS was a bill in chancery to foreclose mortgaged premises.

The bill stated, that on the 10th of *May*, 1834, *William Chalker* was justly indebted to *Richard W. Hart*, (since deceased,) by note of that date, in the sum of 1366 dollars, payable on demand, with interest; that to secure the payment of this note, *Chalker*, on the same day, executed and delivered to *Hart* a deed, conveying to him certain lands, (which were particularly described,) to which deed the following condition was annexed: "The condition of this deed is, that whereas said *William Chalker* has, this day, executed his note of hand to said *Hart*, dated 10th *May*, 1834, on demand, with interest; if said *Cha'ker* shall truly and faithfully pay to said *Hart* the amount of said note, agreeable to the tenor thereof, then this deed is to be void, otherwise to remain in full force and effect." After averring, that no part of this note had ever been paid, the bill stated, that a subsequent mortgage of the same premises, was executed by *Chalker* to *Amos Keeler* and others, to secure sundry debts, due to them, by note and otherwise. They, as well as *Chalker*, were made parties to the bill. The plaintiff is the daughter and heir at law of *R. W. Hart*, the first mortgagee, having received the note secured by the first-mentioned mortgage as a part of her distributive share.

*Chalker* did not appear. *Keeler* and others, the subsequent mortgagees, appeared, and demurred to the bill. The case was then reserved for the advice of this court.

*Baldwin,* in support of the demurrer, contended, that the mortgage to *Hart* was inoperative as against the subsequent mortgagees, because the deed did not contain on its face reasonable notice of the incumbrance. It gives no information as to the *amount* of the incumbrance; and furnishes no security against the fraudulent substitution of other claims. *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. *Stoughton* v. *Pasco* & al. 5 *Conn. Rep.* 442. *Shepard* v. *Shepard* & al. 6 *Conn. Rep.* 38. *Crane* v. *Deming* & al. 7 *Conn. Rep.* 388. *Hubbard* v. *Savage* & al. 8 *Conn. Rep.* 215. 220. *Booth* & al. v. *Barnum* & al. 9 *Conn. Rep.* 286. *Sanford* v. *Wheeler,* 13 *Conn. Rep.* 165. It does not appear that there was any *mistake* here; or that the omission was unavoidable. If this mortgage is decided to be valid, all our mortgages hereafter will be in this form. A creditor or purchaser can know nothing as to the amount of the incumbrance. If it be said, that here was enough to put him on inquiry, and this is equitable notice; the answer is, that when the mortgagee has got upon the record all the notice that the law requires, he is not bound to disclose further. He may say, "go to the record."

*Hungerford* and *Ingham,* contra, insisted, that the subject matter of the mortgage, in this case, was described with reasonable certainty; which is all that the law requires. Here was an accurate description of the mortgage debt. It was a debt, due by note, dated *May* 10th, 1834, payable on demand, with interest. Every particular regarding it is specified, except the amount; and all the particulars specified are stated correctly. It is at most an *imperfect* description. But does the law require the description to be absolutely perfect? Must *every* particular be stated? Not one of the cases cited, or to be found, requires such strictness; but in some of them it is explicitly laid down, that to constitute the requisite notice, the condition need not be so completely certain as to preclude the necessity of extraneous inquiry, but it is sufficient to state the subject matter of the mortgage, and that from which, by the exercise of common prudence and ordinary diligence, the *extent* of the incumbrance may be ascertained. *Stoughton* v. *Pasco,* 5 *Conn. Rep.* 442. *Crane* v. *Deming* & al. 7 *Conn. Rep.* 388. *Booth* v. *Barnum* & al. 9 *Conn. Rep.* 286. Could not the subsequent mortgagees, in this case, easily ascertain

the extent of the incumbrance ?　It was the amount of a note given by *Chalker* to *Hart*, at a certain time, payable in certain manner.　They knew precisely *what* to inquire for, and *who* could inform them.　If the first mortgagee refused to give the desired information, or made a false statement, he would thereby lose his priority.　*Broome* v. *Beers*, 6 *Conn. Rep.* 199.

WILLIAMS, Ch. J.　The simple question in this case, is, whether a deed with a condition to secure a note of even date therewith, payable to the mortgagee, on demand, with interest, is so described, that, as against a subsequent mortgagee, it will stand as security for a note of 1,366 dollars ; that being understood, by the parties, to be the sum secured by the deed.

Having so often, and so recently, had this subject presented to the court, it seems unnecessary to examine the question very minutely.　Our recording system, in its spirit, requires, that the record should disclose, with as much certainty as the nature of the case will admit of, the real state of the incumbrance upon the property.　And all the authorities concur in this result, that reasonable notice of the incumbrance should be given by the record.　What is reasonable notice, in certain cases, has been a question.　Certain points, however, we think are settled : that if a mortgage is given to secure an ascertained debt, the amount of that debt ought to be stated : that if it is intended to secure a debt not ascertained, such *data* must be given respecting that debt as will put any one interested in the inquiry, upon the track leading to a discovery : and if given to secure an existing or a future liability, the foundation of such liability must be set forth.　Thus the record is made to show the real state of the title, so far as it can be known; and as little room as possible is left for the substitution of fictitious claims.

Now, let us apply these principles to the case before us. Here was a single debt, secured by note ; of course, exactly ascertained.　That note, so far as we are informed, was before the parties, at the time the deed was drawn ; and yet there is an entire omission as to the most important fact respecting it, its amount.　Whether it was 100 dollars, or 1000 dollars, no one can tell.　It is entirely indefinite ; and is of that class of cases in our reports where the whole difficulty

*Middlesex,*
*July, 1840.*

Hart
*v.*
Chalker.

was "the entire indefiniteness of the amount for which the mortgage was given." (8 *Conn. Rep.* 221.) Whether this omission was owing to design or accident, we are not informed. In either case, the effect would be the same ; and the public would not have that information which it was intended should be given, and which, if generally neglected, would make our records of little value. Indeed, if such a general description is good, it would seem as if it were enough to say, " this mortgage is intended to secure any debt due ;" for there would be little more danger, in that case, of substituting fictitious debts than in this, where the sum is omitted ; for he who would substitute fictitious debts under that general description, would have very little additional restraint from the fact that the date and time were given.

It is said, that there is enough to put a person on inquiry ; and that is all a court of equity requires. That principle, however, we do not think is applicable to cases of this class, where there is a certain known debt. If it is to be adopted as a general rule, it would overturn all the cases in which this court have held, that the description was too indefinite. It was urged without effect in *Pettibone* v. *Griswold* & al. 4 *Conn. Rep.* 158. 162. ; and can be urged with effect in those cases only, where, from the nature of the demand, a specific description cannot be given. In *Crane* v. *Deming* & al. 7 *Conn. Rep.* 388. 395, 6. the amount was not given. That, however, was the case of a penal bond, the amount of which would give but little light upon the real demand, except to identify the instrument ; and the court held, that *that* was sufficiently done without it. In *Booth* & al. v. *Barnum* & al. 9 *Conn. Rep.* 286. 290. the exact amount of a great number of debts attempted to be secured, was not given. It was a deed intended to secure the creditors of an insolvent ; and did not profess to give the exact amount ; and there were various mistakes in the amounts. The bill averred, that the object was, to secure these debts ; and the inaccuracy arose from the mistake of the draftsman, the papers not being in his possession. The court there say : "It is apparent that from the real or supposed necessity of taking immediate security for these debts, the plaintiffs' agent, who drew this deed, had not the evidence of the indebtedness of the mortgagor to the plaintiffs before him." *Bolles* v. *Chauncey* & al. 8 *Conn.*

*Rep.* 390. has been cited ; but there the description was suffi-
cient ; and the only question was, whether the debt had been
satisfied.

We think, then, there is nothing in the cases cited, which is
intended to interfere with the general principles we have sta-
ted, or which will support the plaintiff's claim.

It was said, that had the date or time of payment been
omitted, it could not have affected the deed. How that might
have been, it is not necessary for us to determine. There
doubtless may be omissions in the description, which would
not invalidate it ; but this is one all-important to the subse-
quent vendee or mortgagee, for which no reason at all is
assigned. Should such a description be held sufficient, our
records would hereafter convey but little information as to
the real state of the incumbrances on real estate. Instead of
that definite and precise intelligence they were designed to
convey, general and loose descriptions would be given, and
the inquirer would have to depend upon the good faith of the
parties rather than upon the public records. Adopt the prin-
ciple contended for, and it would seem to be enough to stamp
upon the deed " this is intended as a mortgage," to render it
valid. After the repeated decisions of this court, we do not
feel at liberty to adopt these principles ; nor do we think them
correct. It is far better that one honest creditor should have
his security postponed to another perhaps equally honest, who
has apparently a subsequent title, rather than that the valua-
ble provision of our statute relative to the recording of deeds
should be nullified, or its vitality impaired. And how much
soever we may regret the hardship of a particular case, we
cannot dispense with an important principle. We, therefore,
advise the superior court to adjudge the plaintiff's bill to be
insufficient.

In this opinion the other Judges concurred.

Bill insufficient.