MOSES STEIN ET AL. *vs.* ROBERT DAVIDSON.

First Judicial District, Hartford, May Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 14th—decided July 25th, 1929.

*Edward J. Daley,* for the appellant (defendant).

*Louis M. Schatz,* with whom, on the brief, were *Nathan A. Schatz* and *Julius B. Schatz,* for the appellees (plaintiffs).

MALTBIE, J.  This action is brought to foreclose two mortgages given to the plaintiffs by one Foberg each upon a separate lot of land in Hartford, designated as lots eleven and thirteen.  The plaintiffs had financed the purchase of the lots and in the case of lot eleven

$4514 and in the case of lot thirteen $4513 of the amount of the mortgages represented the price of the land together with a bonus charged by them. The balance in each case, $15,820, was to be advanced to Foberg as work progressed upon buildings to be erected by him upon the lots. After the building upon lot eleven had been completed and when that on lot thirteen was about one quarter done Foberg abandoned the job. At that time the plaintiffs had made all the advancements specified for the building on the former lot except one of $1500 and certain of those specified for the building on the other lot. One Chader had a mechanic's lien upon the premises and brought foreclosure proceedings based thereon, the present plaintiffs not being made parties thereto inasmuch as their mortgages were prior incumbrances. In that action the premises were directed to be sold at public auction and the present defendant purchased them "free and clear of all liens and incumbrances" for an almost nominal consideration. In the present action the defendant attacked the validity of the mortgages as not being sufficiently definite and certain and also contended that certain sums advanced by the plaintiffs should not be included in the mortgage debt. The trial court gave judgment for the plaintiffs, including in the mortgage debt all the advancements made by them, and the defendant has appealed.

One of the conclusions of the trial court was that the defendant, the purchaser of the lots at the foreclosure sale, could not attack the validity of the mortgages. This conclusion was not correct. The mortgages now being foreclosed were prior to the lien under which the sale was made and the plaintiffs, the holders of them, were not parties to the foreclosure of the lien. Under these circumstances the purchase by the defendant, though stated to be free and clear of incumbrances,

meant only free and clear of such incumbrances as would be affected by the foreclosure. This would not include the plaintiffs' mortgages, and he bought subject to them in so far as they were valid and enforceable. 3 Jones on Mortgages (8th Ed.) § 2122. But there is nothing in the situation which in any way prevents his taking advantage of any invalidity affecting them or of any circumstances which would reduce the amount for which they might properly be foreclosed. *Nichols* v. *Hill*, 6 Thompson & Cook (N. Y.) 335; *National Transit Co.* v. *Weston*, 121 Pa. St. 485, 15 Atl. 569; *More* v. *Deyoe*, 22 Hun (N. Y.) 208.

The trial court also held that, upon the facts found, the plaintiffs were entitled to foreclose the mortgages and to include in the debt found due all advancements they had made under the terms of the note. One note was made payable in six months and the other in five. Each recited an agreement by the makers to erect upon the premises mortgaged to secure it a three-story brick apartment building in accordance with the plans of a certain architect and designated the size of the foundation of the building and certain particulars of the construction. It then recited an agreement by the holder of the note to advance during the course of the construction $15,820, in certain payments of designated amounts when the work of construction had reached certain stages. Then followed a provision that $100 would be withheld from each of three payments and paid to the maker when the roof payment was due upon a building to be erected upon an adjoining lot. One note also contained a provision that $1100 was to be deducted from the principal sum named in it upon its maturity. Each stated that any part of the principal sum that had not been advanced at maturity should be deducted and the note should then evidence an indebtedness for the balance. In passing the de-

fendant claims that it was not proven that the buildings erected upon the lots were built in accordance with the agreement of the maker recited in the note, but it does not appear that this claim was made on the trial when, had it been made, the omission might readily have been remedied and we will not take cognizance of it. Construing the various provisions of the notes together it is clear that the deductions of $100 to be made from certain payments were intended to reduce the amount of those payments due when the particular stage of the work specified had been reached and postpone the time when they would become payable to the happening of a certain event. The notes themselves have as much certainty as is reasonably possible in such a mortgage and any purchaser, subsequent incumbrancer or creditor, from their terms and a reasonable inquiry, could determine the approximate amount of the indebtedness existing at any time and the amounts and the times of the future advances which the mortgagees had agreed to make. They were therefore valid mortgages. *Lampson Lumber Co.* v. *Chiarelli*, 100 Conn. 301, 123 Atl. 909; *Weissman* v. *Volino*, 84 Conn. 326, 80 Atl. 81.

The defendant further claims that several of the sums paid were in fact advanced before the stage in the work specified for each of them was reached and that, in regard to certain of them, the stage at which they were to be made was never reached. The trial court has found that Foberg completed the construction of the building upon lot eleven and with reference to payments made on account of the building to be erected upon lot thirteen, that, with the possible exception of the roof payment, the work contemplated was completed when the payments on account of it were made or in any event was later completed. The defendant seeks in its appeal to attack the finding as

made and also to have added specific findings as to the dates when the various payments were made and, with reference to some of them, the precise stage of the construction which had been reached at the times they were made. Many of the reasons of appeal state that "the court erred in holding" or "not holding" that certain facts were proven and these we must disregard. *Barker* v. *Curtis,* 98 Conn. 761, 120 Atl. 502. Other reasons of appeal seeking corrections in the finding are, however, sufficient to raise the issues of law which the appellants present for our consideration. The finding that the building upon lot eleven was completed is supported by credible testimony, except as to certain details of too little consequence to regard; but, without going into the specific items, the defendant is entitled to have additions made to the finding which would show that several of the payments were made before the stage in the construction when they were due had been reached; the only testimony to the contrary was that of one of the plaintiffs who stated that all the payments were made "according to the note" and that of the son of the other plaintiff who stated that either Stein, his father or himself inspected the premises before the various payments were made; on the other hand, taking the dates of the payments as claimed by the plaintiffs, persons actually engaged upon the work or delivering material for it gave precise testimony, backed by their records, showing that as to several of them the work required had not been done when they were made. For like reasons the defendant is entitled to have the finding corrected to show that the roof of the building upon lot thirteen was never completed nor the heating apparatus installed, so that the payments to be made when the roof was completed and that to be made when the rough plumbing, rough heating and rough wiring were

installed and approved by the municipal authorities had not become due under the terms of the mortgage when the work was abandoned.

We must therefore inquire whether the defendant is correct in his claims that payments which were made in advance of the reaching of the stage in the work specified for them, as well as payments made when in fact that stage was never reached, should be included in the mortgage debt. A purchaser at a foreclosure sale, under such circumstances as are here present, would be entitled to rely upon the terms of the note and the progress actually made in the work to determine the amounts that had been advanced on the mortgages. If he found the work had reached a stage where any particular sum became payable, he might properly assume that it had been paid; but we cannot see that the fact that it had been paid before that stage was reached, if the work was in fact thereafter done, could have in any way misled or injured him. On the other hand, such a payment would presumably have been used for the enrichment of the property, and if made in good faith, all considerations of equity would favor its inclusion in the mortgage debt. We are cited to no authority and find none which would support the defendant's contention that it should not be included. In *Persky* v. *Puglisi*, 101 Conn. 658, 127 Atl. 351, an examination of the record discloses that, in a controversy involving the amount due upon a mortgage very similar to the one before us, the state referee to whom it was referred found that in some instances advances were made before the work had reached the stages specified for their payment, but that the building, while not absolutely complete in every detail, had been substantially completed. It was contended that the mortgage was invalidated by reason of these payments, but we held that it was not. The

claim now made was not raised in that case and this in itself has some significance. Payments within the class we are considering should be included in the mortgage debt.

With reference to payments made before the work had reached the stage specified for them and where that stage was not reached before the building was abandoned different considerations apply. We require in a mortgage to secure future advances such reasonable certainty as will enable subsequent purchasers, incumbrancers or creditors to ascertain by its terms or such reasonable inquiry as is suggested by them the amount actually secured by it. If the mortgagee may at will anticipate the times specified for the payment of the advances, then such a mortgage might well become a trap; for one consulting its terms, being thereby pointed to the various stages of the work to determine the times when the advances are payable and finding how far that work had advanced, would not be entitled to rely on these circumstances to determine the amount due upon the mortgage, but might find that much larger advances were secured by it. Where the work is abandoned before the building is completed, with the consequent great loss of value, the inclusion of such advances might work a material injury to one who gave credit upon the face of the apparent situation and might place a subsequent purchaser in a very different position than that which he had reasonably anticipated. The difficulty in allowing such advances would not arise out of the reliance of the individual purchaser, incumbrancer or creditor upon the apparent state of the mortgage indebtedness in a particular case, but out of the invasion of that requirement of reasonable certainty which we have always attached to such mortgages. It was long ago said that "our recording system, in its spirit, requires that the

record should disclose, with as much certainty as the nature of the case will admit of, the real state of the incumbrance upon the property. And all the authorities concur in this result, that reasonable notice of the incumbrance should be given by the record. What is reasonable notice, in certain cases, has been a question. Certain points, however, we think are settled: that if a mortgage is given to secure an ascertained debt, the amount of that debt ought to be stated: that if it is intended to secure a debt not ascertained, such *data* must be given respecting that debt as will put anyone interested in the inquiry, upon the track leading to a discovery: and if given to secure an existing or future liability, the foundation of such liability must be set forth." *Hart* v. *Chalker*, 14 Conn. 77, 79; see also *Lampson Lumber Co.* v. *Chiarelli*, 100 Conn. 301, 306, 123 Atl. 909; *Bridgeport Land & Title Co.* v. *Orlove Co.*, 91 Conn. 496, 100 Atl. 30. It is obvious that if a mortgagee holding such a mortgage as the one before us may anticipate at will the times when the payments become due under it, the terms of the mortgage and the pursuit of the method of inquiry suggested by it will wholly fail to disclose the amount of the incumbrance at any given time or the amounts which still are to be paid under it. The mortgagee who anticipates the times of payment specified cannot be permitted to include in the mortgage debt advances so made unless the work has later been carried on to the stages designated for such payments.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.