JOSEPH KORZON *vs.* JOHN J. McCABE ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 7th—decided February 23d, 1932.

*Michael A. Sexton,* for the appellant (defendant Aiudi).

*M. F. Stempein,* for the appellee (plaintiff) filed a brief, but at the direction of the court, did not argue the cause.

PER CURIAM. The plaintiff, a ten year old boy, was injured by stumbling over a stone block left in the rear of the premises where he lived with his parents. The complaint named as defendants the appellant and also John J. McCabe and Rose McCabe, the owners of the premises. The appellant presses only two grounds of appeal. One is that, although the basis of action was the alleged negligence of the defendant, there is no finding that the plaintiff was free from contributory negligence. The complaint alleged want of such negligence and the answer put this in issue. The finding does not show that at the trial any claim of contributory negligence on the part of the plaintiff was made. We have no occasion to take cognizance of such a claim now. *Stein* v. *Davidson,* 110 Conn. 4, 8, 147 Atl. 1. The judgment found all the issues for the plaintiff against the appellant and under the circumstances of this case this is sufficient. *Foster* v. *Morris,* 91 Conn. 378, 99 Atl. 1067. The other ground of appeal urged is that the facts found were not supported by the allegations of the complaint, in so far as the trial court found that the appellant placed the stone upon the premises in the performance of a contract he had with the city of New Britain to build a retaining wall made necessary by certain improvements to the street in front of the premises. The complaint alleged that the appellant was "a contractor and was an agent or employee of" the defendants McCabe. The finding was within the very general allegation that the appellant was a contractor and the fact that he was not the agent or employee of the McCabes could not affect his liability for his own negligence.

There is no error.