GESSOMINA CIARLEGLIO *v.* BENEDICT & COMPANY, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 4—decided November 26, 1940.

*Harry P. Lander,* for the appellant (defendant).

*W. H. Burland,* for the appellee (plaintiff).

ELLS, J. This appeal concerns the interpretation of a written contract whereby the defendant agreed to sell and the plaintiff to buy gasoline for five and one-half cents under the seller's posted retail price on third rate gas, subject to the proviso that this price would not be less than one and one-half cents per gallon over the New York harbor price for gasoline of equal quality. The posted retail price during the period involved was twelve and one-half cents, and the New York harbor price was six and one-half cents. The plaintiff purchased considerable quantities for which she was charged eleven and one-half cents per gallon, and a small amount for which the charge was twelve cents. She paid these amounts, but under protest. She continuously complained that she was being overcharged, but accepted the defendant's statement that the overcharge "would be fixed up." She continued to buy in reliance upon the defendant's assurance that the matter would be ironed out and because she did not want to be without gasoline to operate her station. The pumps belonged to the defendant. There was a price war on during this period. She sued for the claimed overcharges and was awarded judgment. The defendant appealed.

The controversy centers upon the effect of the gasoline tax. The trial court found that the posted retail price included taxes—three cents to the state and one cent to the federal government, on each gallon. This is decisive of the issue. There is no basis in the finding for such a method of posting as would permit a severance of the price of the gasoline as such from the taxes. The starting figure is the posted retail price, twelve and one-half cents, including taxes, and the contract price is five and one-half cents less, subject only to the provision that it cannot go below eight cents. Section 649c of the Cum. Sup. of 1935 requires posting

of the price per gallon "which . . . shall include all taxes." The posted retail price is a definite and logical base for the contract price, subject only to the provision regarding the New York harbor price. Under this construction the plaintiff, who presumably must sell at about the defendant's posted retail price in order to meet competition, would have a reasonable profit, while the defendant by this provision would be assured a margin above the New York harbor price.

Under Connecticut law the wholesaler is the collecting and remitting agency, and receives a fee therefor. He pays "for the account of the purchaser." Cum. Sup. 1935, §§ 654c, 655c. Under federal law, in determining the price for which gasoline is to be sold, the amount of the tax is excluded. 47 U. S. Stat. at Large, Chap. 209, § 619, p. 267. The provision referred to is only "for the purpose of this title"—the manufacturer's excise tax, and so has no effect as to the retail price posted by a dealer. It is true that statutes existing at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention. 12 Am. Jur. pp. 769, 770. In this contract the seller, who is presumed to know the statute, chose to agree that the posted retail price, which included the taxes, was to furnish the base. It must abide by the agreement. The defendant drew the instrument. It is the seller's own language which is to be interpreted, and if the instrument is so drawn as to leave room for two constructions, the words used should be interpreted most strongly against it. *Lyman* v. *Stevens,* 123 Conn. 591, 596, 197 Atl. 313.

The defendant's further claim is that the payments made by the plaintiff, under the circumstances of the case, indicate that she waived her right to a lower

price, and that she is estopped by her conduct to recover any portion of the sum paid. There is no such indication. It is not a case of merely paying under protest. She had a definite promise "that the overcharge would be fixed up," and she acted in reliance upon this agreement. For this reason the cases cited by the defendant, stating an accepted rule of law, are not in point.

There is no error.

In this opinion the other judges concurred.