## THE SCHWARZ BROTHERS COMPANY v. BAMBINA D'ERAMO ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE NO. 51977

Memorandum filed July 18, 1950.

*Bartlett, Keeler & Cohn,* of Bridgeport, for the Plaintiff.

*William J. Lavery,* of Bridgeport, for the Defendant D'Eramo.

*Michael Strauss,* of Bridgeport, for the Defendant Minnitti.

*Curtis, Trevethan & Gerety,* of Bridgeport, for the Defendant The First National Bank of Bridgeport.

*John P. Chiota, Jr.,* of Bridgeport, for the Defendant Monaco.

FITZGERALD, J. Plaintiff brings this action to foreclose a mechanic's lien upon property of the named defendant described in the complaint. It was conceded at the trial that the principal

sum due the plaintiff thereon is $1991.96 with interest from July 14, 1949, to date. In addition to the named defendant there are three other defendants. It is the status of one of the latter defendants which gives rise to the sole issue in the case as tried. The question presented for decision is whether the mortgage held by the defendant The First National Bank & Trust Company is prior in time and right to the plaintiff's lien. See paragraphs 8, 9 and 10 of the complaint.

Plaintiff claims: (1) that the bank's mortgage is void as to it, a subsequent incumbrancer, because the condition of the mortgage does not truthfully describe the debt; (2) that it is not estopped from asserting the invalidity of the bank's mortgage because of any prior knowledge it had regarding it or because it had signed a waiver of mechanic's lien.

The facts material to these claims require a statement. On December 23, 1947, the named defendant gave her demand note to the bank in the amount of $6500 and secured it by the mortgage in question which was recorded on the same day. The mortgage deed recites the customary condition found in the ordinary kind of mortgage; it does not disclose on its face that it was intended by the parties to be a construction mortgage under the statute, which would have accorded with the fact. The bank did not make any payments to or on behalf of the named defendant until March 18, 1948, and thereafter. These payments total $5360.50 out of which the plaintiff received in all $2100. The plaintiff knew of the manner and form in which the bank was making these payments to various persons engaged in the construction of the building, and approved of the method adopted. A week prior to March 18, 1948, the plaintiff and others signed a waiver of mechanic's lien "for labor done or to be done and materials furnished or to be furnished . . . in order to enable the [named defendant] to obtain a mortgage of $6500 from The First National Bank & Trust Company." The mechanic's lien under foreclosure was recorded by the plaintiff on July 25, 1949.

It is the settled law of this jurisdiction that the recorded mortgage deed must disclose the real nature of the transaction which gives rise to it so that the record will inform a creditor or other interested person as to the true facts of the matter. *North* v. *Belden*, 13 Conn. 376; *Lampson Lumber Co.* v. *Chiarelli*, 100 Conn. 301, 306 et seq. and cases there collected; *Swaye* v. *Murphy*, 126 Conn. 497, 500. *North* v. *Belden,* supra,

decided in 1840, is considered to be the leading Connecticut case on this subject. See also Hart v. Chalker, 14 Conn. 77, 79, which has been quoted from in many of the later cases.

In 1947 a statute was enacted which contains a suggested form to be included in a construction mortgage deed as a safeguard to all parties and as reflecting the real situation. See General Statutes, Sup. 1947, § 1350i, as amended by Sup. 1949, § 593a. Granting that the mortgage in question does not follow the form of language suggested by the statute regarding future advancements for construction, the facts heretofore recited are deemed sufficient to avoid the application of the principle stated. On grounds of justice and policy, this would seem to follow even in the absence of a signed waiver of lien by the plaintiff. But the aspect of waiver is in the case and must be accorded weight due it as an essential element for consideration.

"A waiver of mechanic's lien . . . which in terms waives and relinquishes all liens and claims of liens which the lienor now has or hereafter may have, poses a very plain and unmistakable legal significance." Townsend v. Barlow, 101 Conn. 86, 89. Clearly the undertaking of the bank under the mortgage worked to the advantage of the plaintiff to the extent of $2100; and other construction creditors were similarly advantaged by a grand total of payments to all of $5360.50. These factual aspects should be accorded significance in the size-up of the problem as a whole. Compare Persky v. Puglisi, 101 Conn. 658, 668. And this is particularly so in the absence of an allegation and finding of fraud. Townsend v. Barlow, supra, 92.

The principal conclusion reached is that the bank's mortgage is not void as to the plaintiff. That the mortgage may have a validity only to the amount of total advancements made thereunder by reason of the decision in the Persky case, supra, does not require adjudication in this action. Other conclusions of a subsidiary nature which follow are that the bank's mortgage occupies a status senior to that of the plaintiff's mechanic's lien, and therefore takes precedence over the lien.

While the issues are found for the plaintiff as to all defendants other than The First National Bank & Trust Company, they are found for that defendant. The debt including interest to date is determined to be $2115. Law day for the named defendant is set for August 14, 1950, and successive days for the defendants other than the bank in the order in which they should be accorded. Judgment to enter pursuant to the foregoing findings and conclusions.