LUCINDA G. FREEMAN, ADMINISTRATRIX (ESTATE OF
BEN FREEMAN) *v.* NATIONWIDE MUTUAL
INSURANCE COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and ALCORN, Js.

Argued October 11—decided December 6, 1960

*Robert E. Courtney, Jr.*, with whom was *William
J. Shea, Jr.*, for the appellant (defendant).

*Joseph P. Cooney,* with whom were *Patrick J. Flaherty* and, on the brief, *Henry F. Cooney* and *John F. Scully* for the appellee (plaintiff).

MURPHY, J. The plaintiff is the administratrix of the estate of Ben Freeman, who died as the result of injuries sustained when the automobile in which he was riding crashed into a building. The plaintiff obtained a default judgment in a suit against Charles B. Clement, administrator of the estate of Jane Clement, the operator of the automobile, to recover damages for Freeman's death. The automobile was owned by Lee Motor Sales, Inc., and was insured for liability with the defendant. The plaintiff brought this suit against the defendant, under the provisions of what is now General Statutes § 38-175, to recover the amount of the default judgment. Judgment was rendered for the plaintiff, and the defendant has appealed. The issue to be determined upon this appeal is whether the actual use of the automobile by Mrs. Clement at the time of the accident was with the permission of Lee Motor Sales, Inc., so that recovery may be had by the plaintiff under the omnibus coverage clause of the defendant's policy.

Mrs. Clement was the wife of Charles Clement, the president of Lee Motor Sales, Inc. She was not a licensed motor vehicle operator and did not drive a car. Freeman was employed by the concern as a general handy man. On occasion he was directed by Clement to chauffeur Mrs. Clement in company cars and was instructed not to let her drive. Clement had also told his wife not to drive. On June 27, 1957, Clement instructed Freeman to drive Mrs. Clement to Suffield to visit her daughter and then to bring her back to her home in Hartford. Freeman was also directed to try to collect a bill which was due from a

Windsor Locks customer of the company. Freeman and Mrs. Clement left Hartford about 7:45 p.m. No specific instructions were given to Freeman concerning the operation of the car on this particular journey. At about 3:35 o'clock the following morning, the accident occurred. Mrs. Clement was found pinned behind the wheel in the driver's seat. She was severely injured. Freeman was slumped forward on the right side of the seat, unconscious, with his head close to the dashboard, which was damaged. He died before he reached a hospital. Mrs. Clement died three days later. During a period of consciousness, she said, in response to a question, that she was not the driver. The collision occurred at a location in the vicinity of the Clement house on a route which would normally be used by one returning from Suffield. Blood tests showed that both Mrs. Clement and Freeman were under the influence of alcohol. The trial court concluded that Mrs. Clement was operating the car at the time of the collision; that the use of the car for which permission had been granted was to transport Mrs. Clement to Suffield and return; that the automobile was actually being used for that purpose when the collision took place; and that the defendant was liable under the policy to pay the default judgment in favor of the plaintiff.

The policy in question defines the word "insured" to include the named insured (Lee Motor Sales, Inc.) and also "any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission." The defendant contends that the words "actual use" must be interpreted as being synonymous with "operation" and that as Freeman rather than Mrs. Clement was the

one to whom permission was granted to operate the car, the extended coverage of the policy did not impose liability upon the defendant.

Had it been the intention of the defendant when it wrote the terms of the contract of insurance to limit the application of the omnibus clause to situations in which the operation of the automobile rather than the use to which it was being put was determinative, the defendant could have done so by including the word "operation" in the policy. *Dickinson* v. *Maryland Casualty Co.,* 101 Conn. 369, 377, 125 A. 866; *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 426, 177 A. 568; see *Ciarleglio* v. *Benedict & Co.,* 127 Conn. 291, 293, 16 A.2d 593; *Beach* v. *Beach,* 141 Conn. 583, 593, 107 A.2d 629. The "actual use" of the automobile at the time of the accident was the particular use at that time, i.e. the transportation of Mrs. Clement on the return trip from Suffield to Hartford. *Hartford Accident & Indemnity Co.* v. *Peach,* 193 Va. 260, 265, 68 S.E.2d 520. That it was being operated by Mrs. Clement rather than by Freeman was incidental to that use. "For the 'use' of an automobile by an individual involves its employment for some purpose or object of the user while its 'operation' by him involves his direction and control of its mechanism as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another." *Maryland Casualty Co.* v. *Marshbank,* 226 F.2d 637, 639. "Actual use," as used in a policy similar to the one in issue, has been interpreted by us as meaning that where a car is entrusted to someone other than the named insured for a particular purpose, it must be in use in furtherance

of that purpose at the time of the accident in order to come within the terms of the policy. *Libero* v. *Lumbermens Mutual Casualty Co.*, 141 Conn. 574, 577, 108 A.2d 533. As applied to the facts in this case, which are not disputed, that interpretation sustains the trial court's conclusion that Mrs. Clement was an insured under the defendant's policy and that the defendant was liable thereunder to the plaintiff for the damages resulting from Freeman's death.

There is no error.

In this opinion the other judges concurred.