PEOPLES SAVINGS BANK *v.* MICHAEL N. CORRADO ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued December 4, 1963—decided February 18, 1964

*William J. Butler*, with whom, on the brief, was *Harold Gersten*, for the appellant (defendant Gagliardi).

*Roman J. Lexton*, with whom was *Martin F. Stempien*, for the appellee (plaintiff).

MURPHY, J.  The only question on this appeal is whether a mortgage deed to the plaintiff contained a sufficient statement of the essential terms of the mortgage so as to constitute the mortgage a lien—on the real estate described in the mortgage deed—prior in right to a judgment lien which the defendant Victor Gagliardi had placed on the property. Gagliardi will hereinafter be referred to as the defendant.

A copy of the note, executed by the defendant Corrado on April 30, 1959, was attached to and made a part of the mortgage deed given to secure payment of the note.  It was recited in the note that the maker promised to pay the plaintiff the principal sum of $12,000, with "interest from date, payable monthly," on the unpaid balance of the note.  It was

further provided that the principal sum and interest were payable in "equal successive monthly installments of Eighty-two and 56/100—($82.56) Dollars each or, should the interest rate hereof be increased, then in such monthly installments additionally sufficient to pay such increase in the rate of interest, commencing on the 5th day of September, 1959, and continuing until said principal sum, with interest, has been fully paid." On April 30, 1959, the mortgage deed was executed and recorded in the land records. The plaintiff instituted foreclosure proceedings by writ dated January 26, 1962.

The judgment lien, filed on May 12, 1960, was effective from February 16, 1960, the date when the property was attached. General Statutes § 49-44. The defendant filed a special defense in which he alleged that, as to his lien, the mortgage was invalid since it did not state with reasonable certainty the nature and terms of the indebtedness allegedly secured by the mortgage. The court overruled the special defense and rendered judgment of strict foreclosure in favor of the plaintiff; the redemption dates for subsequent encumbrancers were designated. The defendant appealed.

As we understand the defendant's claim, it is that the failure to set out specifically in the mortgage deed the rate of interest charged and the failure to state the date of maturity render the mortgage invalid as to the defendant because it would be impossible to ascertain from the land records the precise amount of the debt due. General Statutes § 37-1, which sets the interest rate at 6 percent a year where the agreement makes no other provision, has to be read into the contract in this case; *Ciarleglio* v. *Benedict & Co.,* 127 Conn. 291, 293, 16 A.2d 593; and therefore it fixes the applicable rate

of interest. *Perry* v. *Cohen,* 126 Conn. 457, 460, 11 A.2d 804. The mortgage deed recites that the amount of the debt is $12,000 and that principal and interest are payable in monthly instalments of $82.56. The interest, as we have pointed out, is to be computed at the statutory rate. The length of time the mortgage would run if payments were made as agreed is a matter of arithmetical computation. Exercise of the default clause by the mortgagee or of the anticipatory payments provision by the mortgagor could hasten the date on which the debt would terminate. The information in the mortgage deed as it appears on the land records meets the requirement that reasonable notice of the nature and amount of the encumbrance be furnished thereby. *Bridgeport Land & Title Co.* v. *George Orlove Co.,* 91 Conn. 496, 497, 100 A. 30. The real nature of this mortgage is, so far as possible, disclosed by the records with reasonable certainty. *Sadd* v. *Heim,* 143 Conn. 582, 585, 124 A.2d 522, and cases cited.

There is no error.

In this opinion the other judges concurred.