This is an appeal by the plaintiffs from the denial of a variance to permit the elevation of an existing two-story house to a three-story house. The property is known as 15 Old Mill Road, Westport, and consists of a parcel of land 30 feet wide by about 164 feet long, with a small cottage in the rear and a two-story frame house in the front of the lot facing Old Mill Road.
Plaintiffs filed two applications concerning the two-story frame house. The first one was heard by the zoning board of appeals of the town of Westport on April 8, 1965, and the second one on June 1, 1965. Both applications asked for a variance to raise the two-story house eight feet higher, so that it would become a three-story house. On April 8, 1965, the board approved the variance by a vote of four in favor and one opposed. Two regular members *Page 253 
of the board were absent and had been replaced by alternates at the April 8 meeting. One board member, Martin Capasse, voted to deny the variance on the ground that a three-story house was not in conformity with the general neighborhood. The plaintiffs then proceeded to get a building permit and commenced construction work on the two-story house. Within the appeal period, a neighbor, Mrs. Barrile, appealed the decision of the zoning board of appeals and alleged that the required publication notice of the April 8 meeting was defective. The town attorney agrees that the notice is defective, although said appeal is still pending in the Court of Common Pleas in Bridgeport. Rather than wait for a formal decision by the court on this appeal, the plaintiffs filed another request for the same variance. This request was heard on June 1, 1965, by the zoning board of appeals. The plaintiffs were represented by counsel, as was the opposition. All regular members of the board were present and heard the plaintiffs' request for a variance. The variance was denied by a vote of three in favor and two opposed. Approval required four affirmative votes.
The plaintiffs' house, on a thirty-foot wide lot, is nonconforming and is located in a residence B zone, which requires a lot area of 6000 square feet. The lot in question is small and narrow, and even if the house on this lot were moved, its placement could not conform because of the size of the lot. The plaintiffs' house on this small lot is nonconforming, and chapter 3, § 4, of the zoning regulations provides that no nonconforming building or structure shall hereafter be enlarged, and no nonconforming use of land, building or structure shall hereafter be extended. Plaintiffs are seeking a variance from the zoning board of appeals based on § 8-6 (3) of the General Statutes, which permits a board of appeals *Page 254 
to vary the application of zoning if "a literal enforcement . . . would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
Plaintiffs claim that the board acted illegally, arbitrarily and in abuse of the discretion vested in it for the following reasons:
(A) The plaintiffs claim that a member of the board failed to disqualify himself from acting on the application. Evidence was taken by the court on this issue. The member referred to was Martin Capasse, who had a long-standing friendship with Mrs. Barrile, who lives cater-cornered from plaintiffs' property and opposed plaintiffs' application. The court finds that Capasse had consistently voted to deny other requests made by plaintiffs to the board on two other occasions. Capasse's reasons for voting against the plaintiffs' request on June 1 were stated as follows: (1) The lot is too small for a three-story building. (2) A three-story building does not fit in with the character of the neighborhood. (3) No hardship was proven at the hearing. Capasse had no personal or financial interest in this application before the board. Further, plaintiffs' attorney made no formal request at the hearing that Capasse disqualify himself, even though the attorney had talked to the chairman of the board and had indicated to her that Capasse should disqualify himself. Capasse had sat on four hearings concerning the plaintiffs' property and had never been challenged at any one of those hearings. The facts found by the court do not justify Capasse's disqualification under § 8-11
of the General Statutes.
(B) The plaintiffs claim that there was no change of circumstances between the hearing on April 8 and that of June 1 and that the board should not be allowed to reverse a prior decision. The rule, as *Page 255 
explained in Sipperley v. Board of Appeals on Zoning,140 Conn. 164, 167, and Fiorilla v. Zoning Boardof Appeals, 144 Conn. 275, 279, is that a board cannot reverse a former decision unless there has been a change in conditions. The former decision of the board on April 8 is not a valid decision because of improper notice, which is a jurisdictional defect.Smith v. F. W. Woolworth Co., 142 Conn. 88, 94. Therefore, this rule does not apply.
(C) The plaintiffs claim that the plaintiffs' lot was of such size and shape that a literal enforcement of the zoning ordinances and regulations resulted in exceptional difficulty and hardship to the plaintiffs. When the plaintiffs purchased this house, they knew the size of the house and lot. There are other houses on similar thirty-foot lots on Old Mill Road. The board cannot relieve hardship claimed to arise from the zoning regulations themselves. This type of hardship affects all similar houses on thirty-foot lots.
(D) The plaintiffs claim that the board has specific power to give relief from the requirement of the zoning regulations, under chapter 10, § (F), where the property differs substantially in size or topography from other nearby lots. This is not the case here. All properties are substantially similar in this area as to size, shape and grade. No hardship can be applied to plaintiffs' lot.
(E) The plaintiffs claim that they proceeded with the reconstruction work in good faith after the variance was granted on April 8 and therefore suffered hardship. This hardship was created by the plaintiffs themselves in proceeding with the construction work without first waiting out the appeal period. This was reckless conduct on the plaintiffs' part and the board cannot grant them a variance for such conduct. Will-Nor Corporation v. Zoning *Page 256 Board of Appeals, 146 Conn. 27, 31; Hadik v. ZoningBoard of Appeals, 146 Conn. 737, 738.
(F) The plaintiffs claim that on the basis of all the facts and circumstances existing, the plaintiffs were entitled to a variance by reason of topography, size of lot, and unusual difficulty and unnecessary hardship.
The plaintiffs have the burden of overthrowing the board's decision. Decisions of boards are to be overruled when it is found that the board acted arbitrarily, unfairly or with no proper motives. The court should not overrule the decision of a board when it appears that it acted honestly and reasonably after a full hearing. The court cannot substitute its discretion for the liberal discretion conferred by the legislature on local zoning boards. Gordon v.Zoning Board, 145 Conn. 597, 604.
The record in this case does not show any unusual difficulty or unnecessary hardship within the meaning of § 8-6 (3) of the General Statutes. The reasons given by the board members indicate what influenced them in the situation they had before them. The court cannot conclude, therefore, on the basis of the record before it, that the action of the board was arbitrary, illegal and in abuse of the discretion vested in it.
The court viewed the premises in question for the purpose of enlightenment, and the court found nothing that added to what appears in the record.
 Accordingly, the appeal is dismissed.