[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff/appellant was denied benefits upon a claim of repeated wilful misconduct in the course of his employment pursuant to Sec. 31-236(a)(2)(B). This claim of the employer and so found by the Administrator was upheld and sustained following a hearing before the Referee by his decision of February 9, 1988 and a subsequent determination by the Board of Review dated March 14, 1988. It is from these CT Page 1532 proceedings and determinations of March 14, 1988 the plaintiff appeals claiming in essence that the interpretation of wilful misconduct was too harsh in judging the plaintiff's conduct.
The record discloses that on May 26, 1987, Mr. Carlson was found to be in violation of company rules when he was found not to be working after he had punched in. On July 4, 1987 he took an unauthorized break and was found to be drinking. On November 19, 1987 he deliberately left work for personal reasons after being warned that his attendance was necessary and his leaving would be contrary to his employer's best interest. This last violation resulted in his termination and these proceedings.
This court cannot substantiate its judgment for that of the administrative agency. If the determination is not unreasonable, arbitrary or illegal it must stand. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 5.
The plaintiff, through counsel, claims that misconduct so as to fall within the statute "must be of such degree or recurrence as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interest or of the employee's duties or obligations to the employer." 48 Am.Jur. 541, Social Security, Unemployment Insurance and Retirement Funds. Sec. 38.
This definition was essentially adopted by Longo, J. in Langlois v. Administrator, 24 Conn. Sup. 177, 179. On the other hand, "Misconduct consisting of mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the statute." Langlois, p. 179.
The facts set out in the record regarding the plaintiff's conduct on the several occasions noted furnish the basis for the findings and this court cannot conclude that the determination was unreasonable upon those facts.
Accordingly, the appeal is dismissed.
GEORGE W. RIPLEY, J.