[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the actions of the Inland Wetlands Agency of the City of New London in granting an extension of an inland wetlands permit to Two Hundred Post Associates d/b/a Georgetown Associates (hereinafter "Georgetown"). The appeal is brought pursuant to C.G.S. 22a-43.
There are four parties to the case. The plaintiff Robert Fromer claims to be aggrieved by virtue of a verified petition pursuant to Section 21a-19 and by virtue of being a neighbor within the statutory aggrievement boundaries. The Inland Wetlands Agency of the City of New London is participating to the extent that it has adopted the position of the defendant Saybrook Bank Trust Company. Georgetown has been defaulted. Saybrook Bank Trust Company is the owner of the regulated premises concerning which the permit was extended and is defending the appeal.
Three substantial issues are raised. First, the defendant claims that Robert Fromer (hereinafter "plaintiff") is not aggrieved. Secondly, Robert Fromer claims that the Inland Wetlands Agency was without authority to grant an extension of the permit and, third, that the permit is not assignable to Saybrook Bank Trust Company (hereinafter "bank").
The parties have filed the appropriate briefs, the pleadings are closed and arguments were made at the hearing before the court. Also at the hearing, on the issue of aggrievement, the plaintiff offered various testimony and exhibits indicating the proximity of a condominium unit owned by him to the premises subject to the permit involved in this case.
Section 22a-43 says in part on the issue of aggrievement:
. . . any person owning or occupying land CT Page 9016 which abuts any portion of land or is within a radius of 90 feet of the wetland or watercourse involved . . . may appeal to the Superior Court . . .
From the evidence adduced at the hearing the court finds as a fact that the plaintiff is the owner or occupier of land within a radius of 90 feet of the wetland involved in this case and is therefore statutorily aggrieved.
The court does not find that the plaintiff can claim aggrievement by virtue of a verified petition under C.G.S.22a-19 inasmuch as there are no environmental issues to be raised in this case relating to the extension of the permit.
The second question at issue between the parties is whether under the appropriate regulations of the City of New London an extension of a previously granted permit is authorized.
For purposes of this analysis some recitation of facts will be required and can be obtained from the Return of Record filed by the agency on July 24, 1990 and supplemented thereafter.
It appears from that Return that on January 8, 1990 the agency voted to extend its approval of an application for a permit to conduct regulated activities submitted by the defendant Georgetown. (Return of Record, Items 11 and 12). The permit itself had been originally granted by the Commission in 1987 (Transcript of December 20, 1989, page 3; Return of Record, Item 2). The extension granted on January 8, 1990 was the second extension, the first having been granted in December of 1988. (Transcript of December 20, 1989; Record Item 2).
After the agency granted the extension in January and the bank by deed dated May 4, 1990 (certified copy attached to Plaintiff's Brief dated October 12, 1990).
To determine what regulations of the agency applied to the second extension it is necessary to review the two different sets of regulations. At the time of the original application for a permit Section 8 of the Regulations provided as follows:
SECTION 8 — EXPIRATION OF PERMITS
 8.1 — If no significant activity has commenced within one year of issuance of permit, said permit is void.
CT Page 9017
 8.2 — The Commission may extend a permit for an additional year upon written request from the permit holder. Such request shall be considered by the Commission at a regularly scheduled Commission meeting and acted upon within thirty (30) days.
The Inland Wetlands and Watercourses Regulations were amended effective June 15, 1990. The new Regulations provide for the duration of permits in Section 12.7 which reads as follows:
 "The duration of any permit shall be for one (1) year unless otherwise specified in the permit or extension by the Commission. Permit extension shall be at the discretion of the Commission and may be subject to the calling of an additional public hearing. All permits shall expire upon the completion of the acts specified therein."
Section 12.8 of the revised Regulations provides:
 "No permit shall be assigned or transferred without the written permission of the Commission."
Section 22a-42e of the Connecticut General Statutes dealing with the subject of amended regulations reads in part as follows:
 "An application filed with an inland wetlands agency which is in conformance with the applicable inland wetlands regulation as of the date of the decision of such agency. . . shall not be required thereafter to comply with any change in inland wetlands regulations. . . taking effect on or after the date of such decision and any appeal from the decision of such agency with respect to such application shall not be dismissed by the Superior Court on the grounds that such a change has taken effect on or after the date of such decision.
The plaintiff in his brief dated December 24, 1990 bases his claim of the invalidity of the purported permit extension on the earlier regulations in effect prior to the June 15, 1990 amendment (see Plaintiff's Brief, p. 10). The defendant in its brief of February 15, 1991 claims that the second extension was permissible under both the prior CT Page 9018 Regulations and the amended Regulations (see Defendant's Brief, pgs. 10-15).
The plaintiff in an inappropriate communication with the court subsequent to the oral argument (letter of October 1, 1991 from Robert Fromer to Honorable Robert Leuba) also cites the court to the amended Regulations making a claim that Section 12.8, referred to above should be considered by the court.
Under the circumstances present here the court finds that the amended Regulations which were in effect at the time of the granting of the second extension applied in determining the appropriateness of the second extension are notwithstanding Section 22a-42e of the General Statutes. The court finds this to be true because the statute protects the property owner from changes in certain aspects of the Regulations but not others and does not refer to the administrative/procedural process. Accordingly, the court finds that Section 12.7 of the regulations revised to June 15, 1990 apply to this issue. That section makes it clear that "permit extensions shall be at the discretion of the Commission. . ."
Therefore the defendant's argument with regard to the rights of the agency to affect an extension are persuasive and must prevail.
The plaintiff in this appeal also claims that because of the transfer of the property from Georgetown to the bank the bank has no rights in connection with the permit originally issued to Georgetown. Plaintiff's Brief of December 24, 1990 while referring to several decisions in the area of statutory construction refers the court to no case supporting the proposition advanced. Nor does the defendant refer the court to a case on this issue. The question of whether or not the inland wetlands permit is a personal permit to the individual applicant or whether it attaches to the land and therefore follows the title has not been previously determined by our Appellate Courts.
It has been previously determined however that a variance granted by a Zoning Board of Appeals passed for the benefit of subsequent owners of the property.
In Garibaldi v. Zoning Board of Appeals, 163 Conn. 235
(1972) dealing with this subject generally the Supreme Court said in part:
 "By its very definition, a variance is granted with respect to a particular piece of property; it can be enjoyed not only by CT Page 9019 the present owner but by all subsequent owners. . . it follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. . . ."
Similarly the Inland Wetlands and Watercourses Act (Connecticut General Statutes Section 22a-36, et seq.) is intended to regulate property designated as wetlands and is not intended to regulate the ownership of property. See policy statement Section 22a-36 CGS; Lizotte v. Conservation Commission, 216 Conn. 320, 329-330 (1990).
For this purpose the court finds no difference between a variance and a wetlands permit and holds that the permit passes to the new owner when title is transferred prior to the commencement of work.
In this case this is true notwithstanding the provisions of Section 12.8 of the amended Regulations since no attempt has been made to assign or transfer only the permit separate from the title to the land. To interpret the regulations otherwise would be to permit the agency to exceed its statutory authority to regulate the use of wetlands.
The plaintiff also claims that the permit extension from which the appeal has been taken has terminated by lapse of time on January 21, 1991 and is therefore void which renders this issue moot. In response to that the defendant has claimed that the appeal by the plaintiff has the effect of a "stay" of the permit. In argument on this issue the bank points out the passage of time from the permit extension is the result of the plaintiff's own "tactics" in appealing the decision. The bank points out that to have begun construction during the pendency of the appeal might have been considered "reckless conduct" on the part of the landowner. McGavin v. Zoning Board of Appeals,26 Conn. Sup. 251, 255 (1965). The bank argues that to find otherwise would be to place the landowner in the perilous position of expending considerable sums without a determination by the court which could thereafter require additional expense to restore the property. The bank relies also on the equitable theory of "equitable estoppel" which it claims has estopped the plaintiff from pursuing a course of conduct which is unjust in its results citing, Lebowitz v. McPike, 157 Conn. 235 (1968).
The defendant in a supplemental brief of April 10, 1991 also calls to the attention of the court a Superior Court decision identified as ASL Associates v. Proch, Hartford J.D. #370080 which came to a contrary conclusion in a zoning case CT Page 9020 involving a claimed stay by virtue of an appeal.
The plaintiff claims the equitable estoppel issue itself is "moot" and with regard to the bank's argument suggests that "all life's decisions involve some measure of risk". (Plaintiff's Brief April 21, 1991, p. 9).
In a review of the concepts involved in the question of "tolling" and of "equitable estoppel" this court finds it peculiarly inappropriate to permit the plaintiff by appealing the granting of a permit to the Superior Court where it is clear that more than one year will be consumed in the process to thereby render the entire process moot by the expiration of that one year provided for in the regulation. Accordingly, while the court does not disagree with the logic or analysis in the ASL Associates case with regard to the question of tolling, in this particular situation where the record reflects the extensive participation by the plaintiff in connection with the proposed development of the adjoining property the theory of equitable estoppel seem peculiarly appropriate.
Accordingly, the court holds that the plaintiff is estopped from claiming the benefit of the one year limit on the permit in the context of the appeal to render the matter moot.
For the above reasons the appeal is dismissed.
Leuba, J.