[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an appeal of a decision of the Zoning Board of Appeals of the City of Danbury (hereafter "Board") granting a variance to the Lake Waubeeka Association, Inc. (hereafter "Association") to construct a storage shed on property owned by the Association.
Lake Waubeeka is a private residential community located within the City of Danbury and as a private community, the Association owns and maintains its own roads, lake, and other community facilities. Prior to the introduction of the Zoning Regulations in the City of Danbury, the Association used the subject parcel, a 1.012 acre tract of land lying within a RA-20 residential zone which is located on Old Post Road in Danbury, as a storage area for the various pieces of maintenance equipment that it owns. A "community maintenance facility" is not a permitted use in a RA-20 zone. However, that activity has survived as a pre-existing, nonconforming use. There are currently two structures on the subject parcel. The first is a maintenance garage, and the second is a shed utilized to store mixed road salt and sand. The record does not indicate when the maintenance garage was built, but the shed was constructed in 1987 after it was discovered that the salt, when stored outside, leaked into the water supply. The Association had previously been granted a variance for the construction of the shed in order to comply with the Department of Environmental Protection regulations.
On April 18, 1991, the Association requested a variance from the Board in order to construct a storage shed CT Page 2313 on the subject property by enclosing the area between the salt shed and the maintenance garage with a roof and rear wall. A duly noticed public hearing was commenced on May 9, 1991, and continued to May 23, June 13 and June 27, 1991, all in accordance with proper notice of said continuation of the public hearing. At the hearings, the Association's attorney stated that the purpose of the shed would be to "store some of the community equipment." The appellant appeared and spoke in opposition to the application. The Planning Commission and the Zoning Commission of the City of Danbury each recommended approval of the application.
On June 27, 1991, the Board voted unanimously to grant the application for a variance, stating as its reason that "[t]his variance is in harmony with the area and is not detrimental to the health, safety or welfare of the area." Notice of the decision was duly published on July 5, 1991, in the Danbury News-Times.
"The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 373. Section 8-8 of the General Statutes provides, inter alia, that any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board may, within fifteen days from the date when notice of such decision is published in a newspaper, take an appeal to the Superior Court for the Judicial District in which such municipality is located.
The appellant has established by credible testimony that he lives within one hundred feet of the subject parcel, and the appeal was commenced fourteen days after notice of the decision was published. He is, therefore, statutorily aggrieved.
"A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 597; Grillo v. Zoning Board of Appeals, 206 Conn. 362, 367. "The power to vary the application of zoning regulations should be sparingly exercised." Dolan v. Zoning Board of Appeals, 156 Conn. 426,429; Allen v. Zoning Board of Appeals, 155 Conn. 506,510. Under General Statutes, Sec. 8-6(3), the board may grant a variance provided (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the CT Page 2314 carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, supra; Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709. "Proof of hardship is a condition precedent to granting a variance . . . . The burden is on the applicant to prove hardship." Kelly v. Zoning Board of Appeals, supra, 598-599; see Point O'Woods Assn., Inc. v. Zoning Board of Appeals,178 Conn. 364, 365; Carini v. Zoning Board of Appeals,164 Conn. 169, 172.
The appeal is based upon the Association's alleged failure to prove any hardship, and the Board's alleged failure to make a finding of hardship in granting the variance. In the course of the proceedings leading up to the grant of the variance, the Association set forth two possible hardships. The first of these was mentioned only in the application which stated that the Association "must be able to store equipment . . . in such a manner [that] it does not cause pollution." The pollution argument necessarily must fail as nowhere in the record is there any testimony or evidence that there has been or will be pollution on the subject parcel due to outdoor storage of maintenance equipment.
The Association, as counsel, also stated that "[t]he zoning regulations in the City of Danbury do not provide for what I would consider community support facilities . . . and that's our hardship the zoning just doesn't provide for it." "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance [citations omitted]; and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658; Booe v. Zoning Board of Appeals, 151 Conn. 681, 683. The court finds that the Association has not asserted any conditions beyond its control that necessitate the construction of the storage shed as it did in 1987 when it was required to build the salt shed in order to comply with State D.E.P. regulations. "The board cannot relieve hardship claimed to arise from the zoning regulations themselves." McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251, 255. It necessarily follows that the Association has not proven the type of unusual hardship that is a necessary prerequisite to the granting of a variance.
The City of Danbury has incorporated Sec. 8-6(3) of the General Statutes into its Zoning Regulations in section 9.A.3.1., which states in relevant part that "[n]o variance shall be granted by the Zoning Board of Appeals unless the CT Page 2315 Board can reasonably find that . . . a literal enforcement of the Regulations would result in exceptional difficulty or unusual hardship. . . ." That section is made applicable to the granting of variances to expand nonconforming uses by section 9.A.3.2.(c) of the Regulations. The Board could not have found a hardship to exist in this case, since the Association was unable to prove hardship. In addition, Section 9.A.3.3. of the Zoning Regulations states that "[i]f a variance is approved, the Board shall describe specifically the exceptional difficulty or unusual hardship on which its decision is based. . . ." The Board cannot be said to have done so as its letter of decision recited only that "[t]his variance is in harmony with the area and is not detrimental to the health, safety or welfare of the area," and the minutes of the executive session at which the vote was taken reveal no discussion whatsoever of hardship. The court is constrained to find that the Board acted illegally, arbitrarily, and in abuse of its discretion in granting the Association's application for a variance.
The Board in its brief raises the argument that no variance is required for the Association to build the proposed storage shed. It bases this argument on the recent case of Zachs v. Zoning Board of Appeals, 218 Conn. 324. The reliance on Zachs is inapposite. The Zachs case reiterated the principle stated in earlier cases that certain changes may not necessarily constitute "expansion" within the meaning of zoning regulations, when those changes are "within the scope of a nonconforming use." Zachs v. Zoning Board of Appeals, supra, 332. Section 8.A.3. of the Danbury Zoning Regulations specifically states that "[n]o nonconforming use shall be extended or expanded."
The Zachs court went on to say that the placement of "eight additional antennae, consisting of horizontal rods a few feet in length" on an already existing radio broadcast tower involved "increases in the volume of business within the scope of the original use," rather than "differences in the character of the nonconforming use. . . ." Zachs v. Zoning Board of Appeals, supra, 332, 333. The distinction between Zachs and the instant case becomes immediately apparent when one recognizes that Zachs involved an increased use of an existing structure as opposed to the construction of an additional structure herein. This distinction has previously been made by Professor Tondro, who states that "a prohibition on `extension' does not prohibit `intensification' of a use; a store may be kept from expanding its square footage of floor area, but it cannot be prohibited from increasing its volume of business." Tondro, Connecticut Land Use Regulation, p. 68 (1979). The CT Page 2316 Association's proposed construction constitutes an expansion of a nonconforming use requiring a grant of variance which is in keeping with the "general principle in zoning that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit." Hyatt v. Zoning Board of Appeals, 163 Conn. 379,383, 384.
The Association did not meet its burden to prove hardship and the Board, in granting the variance, failed to comply with Sec. 8-6(3) of the General Statutes and sect ions 9.A.3.2.(c) and 9.A.3.1. of the Danbury Zoning Regulations. The Board also failed to comply with 9.A.3.3. of the Regulations because it did not specifically state the hardship on which the grant of variance was based. Thus, the court reiterates that the Board's action in granting the variance was illegal, arbitrary, and an abuse of its discretion.
The appeal is accordingly, sustained.
MORAGHAN, JUDGE