[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT TABACCOS' MOTION TO DISMISSDATED JANUARY 24, 1994
The plaintiffs Joseph C. Mercieri, Jr. and Janice Mercieri have appealed to the Superior Court from a decision rendered by the defendant Zoning Board of Appeals for the City of Bristol on May 20, 1991, denying their appeal of an order revoking a zoning certificate issued to them on April 22, 1991. The plaintiffs' appeal, filed June 4, 1991, seeks an order from the Superior Court that would remand the case to that agency with direction to vacate and reverse the revocation of this zoning certificate.[1] On January 24, 1994, the defendants Robert Tabacco and Lori Tabacco moved to dismiss the appeal, claiming that the court has no jurisdiction over this matter.[2] In support of their motion, the defendants assert that the plaintiffs improperly failed to avail themselves of judicial process which would have continued the validity of the building permit which licensed the construction referenced in the April 22, 1991 zoning certificate, pending the trial court's ruling on the appeal. The defendants further claim that operation of law, specifically the State Building Code, has rendered the plaintiffs' building permit invalid, and that therefore the CT Page 9906 appeal is moot. This court finds these issues in favor of the plaintiffs.
Zoning Certificate No. 7026 and Building Permit No. 55483, which had also been issued to the plaintiffs on April 22, 1991 (Return, Items #D and #G),[3] ostensibly approved modified plans for continued construction on an addition to the plaintiffs' existing residence located at 59 Old Cider Mill Road, in Bristol, Connecticut.[4] This addition, as amended, was to include a bedroom, a great room, two baths, a laundry and utility room, a children's play area and a loft. Construction of that addition originally proceeded from its commencement on approximately November 19, 1990 until the city's zoning enforcement officer issued a cease and desist order on February 1, 1991. Thereafter, on April 22, 1991, the plaintiffs applied for, and received, the building permit and zoning certificate which are the subject of this appeal. The permit and certificate were issued by Richard Pratt, a duly authorized Building Official and agent for the City of Bristol.
On April 24, 1991, the defendants appealed to the Zoning Board of Appeals for the City of Bristol, claiming that the plaintiffs' addition did not comply with the current zoning regulations for that city and that the zoning certificate was issued in error. On May 20, 1991, the Zoning Board of Appeals sustained the Tabaccos' appeal, thereby effectively revoking the plaintiffs' zoning certificate and permission to construct the addition. Notice of the board's decision was published in the Bristol Press on May 23, 1991.
On July 22, 1991, following the submission of their administrative appeal on June 4, 1991, the plaintiffs moved the Superior Court for entry of a restraining order. If granted, this order would have directed the Zoning Board of Appeals for the City of Bristol to allow construction of the plaintiffs' addition to continue until such time as the administrative appeal was decided. On July 25, 1991, the defendants objected to this motion, informing the court that "the Defendants strongly suggest that no further construction or building occur at this site until the appeal has been decided." Defendants' Objection to Motion, July 25, 1991, p. 2. An evidentiary hearing was presented to Aronson, J., who denied the plaintiffs' Motion for Restraining Order on August 19, 1991.[5]
 I
CT Page 9907
The defendants apparently rely on General Statutes §8-8(g), as amended 1989, to support their claim that the plaintiffs fatally failed to obtain a court order to protect their building permit from lapsing during pendency of the appeal.[6] Such a procedure is provided by this section, which establishes that ". . . the court to which the appeal is returnable may grant a restraining order, on application, and after notice to the board and cause shown." General Statutes § 8-8(g). As discussed above, the record in this case reflects that the plaintiffs did, in fact, submit an appropriate Motion for Restraining Order to the court in an effort to secure permission to continue building their addition. Despite this application, however, and in direct response to the defendants' objections, the plaintiffs' motion was denied, so that they were precluded by the Superior Court from continuing construction.
A through reading of the provisions of General Statutes §§8-8(a) through 8-8(q) fails to reveal any statutory or equitable penalty or onus which must be imposed upon plaintiffs, in a case such as this, who apply for a restraining order, but whose application is denied, so long as construction is halted in compliance with lawful mandates. A number of trial court decisions have charted the perilous course to be sailed by those who attempt to continue construction while actions of local zoning boards have restricted this activity, pending the resolution of an administrative appeal. Such a tack has been termed "reckless", notwithstanding an owner's apparent good faith in continuing construction. McGavin v. Zoning Board of Appeals,26 Conn. Sup. 251, 255 (1965). The courts do not condone construction which continues in violation of legal restrictions.
For instance, in McGavin v. Zoning Board of Appeals, supra,26 Conn. Sup. 251, plaintiffs had proceeded with reconstruction work while they knew the Superior Court was considering an appeal of the variance which had authorized them to build. The court found that any hardship suffered by the plaintiffs, and any loss or cost incurred, "was created by the plaintiffs themselves in proceeding with the construction work without first waiting out the appeal period. This was reckless conduct on the plaintiffs' part . . . ." (Citations omitted.) McGavin v. Zoning Board ofAppeals, supra, 26 Conn. Sup. 255.
ASL Associates v. Proch is also instructive. ASL Associatesv. Proch, Superior Court, JD of Hartford/New Britain at Hartford, DN. CT Page 9908 370080, 3 Conn. L. Rptr. 28, 1990 Ct. Sup. 4684 (1990). In that case, the plaintiffs had secured a special permit to construct condominium units, but failed to obtain the requisite building permit within nine months following issuance of the special permit, as was required by Article Seven (A)(7) of the applicable Marlborough Zoning Regulations. ASLAssociates v. Proch, supra, 3 Conn. L. Rptr. 28,1990 Ct. Sup. 4684-4685. The granting of the special permit was appealed, and was not resolved by the Appellate Court until after the expiration of the limitations period established by these regulations. Construction had been started and completed in reliance on a building permit that was granted following expiration of the nine month period. Thereafter, an adjoining property owner appealed from the granting of this building permit, claiming that the underlying special permit had become void before the building permit issued. The trial court found that the plaintiff had the statutory right to proceed under General Statutes8-8(b)[7] in an effort to secure a court order which could specifically protect it from the expiration of the special permit, and/or which could have accorded it the right to proceed with construction.ASL Associates v. Proch, supra, 3 Conn. L. Rptr. 28,1990 Ct. Sup. 4688-89. Having failed to apply for such an order, the plaintiff was subject to the injurious application of the regulation which limited the effectiveness of the special permit. ASL Associates v. Proch,
supra, 3 Conn. L. Rptr. 28, 1990 Ct. Sup. 4689-4690. Notwithstanding its ruling in favor of the defendants, however, the court observed that "[e]ven though the plaintiff could have proceeded with construction . . . it would have been imprudent for it to do so with litigation pending." (Emphasis added.) ASL Associates v. Proch, supra,3 Conn. L. Rptr. 28, 1990 Ct. Sup. 4690. Such decisions as McGavin v. ZoningBoard of Appeals, supra, and ASL Associates v. Proch, supra, are in firm accord with the prudent practice of preserving assets, and are in compliance with "the judicial policy of avoiding unnecessary economic waste. See Spera v. Audiotape Corporation, 1 Conn. App. 629, 633
(1984)." American Bank of Connecticut v. Eagle Construction Co.,10 Conn. App. 251 (1987).
In Fromer v. Two Hundred Post Associates, Judge Leuba similarly considered the application of a limited permit period, with a different result. Fromer v. Two Hundred Post Associates,
Superior Court, JD of New London, DN. 513227, 5 Conn. L. Rptr. 177,1991 Ct. Sup. 9015
(1991). That case concerned an extension an inland wetlands permit which had been granted to the defendant by the City of New London's Inland Wetlands Agency. The plaintiff appealed, claiming that the defendant's underlying special permit had already expired, pursuant to the applicable Inland Wetlands and Watercourses Regulations, at the time the extension was obtained. The court found it "peculiarly inappropriate to CT Page 9909 permit the plaintiff by appealing the granting of a permit to the Superior Court where it is clear that more than one year will be consumed in the process to thereby render the entire process moot by the expiration of that [effective period] provided for in the regulation." Fromerv. Two Hundred Post Associates, supra, 5 Conn. L. Rptr. 177,1991 Ct. Sup. 9019-9020. Accordingly, the court found that the plaintiff was "estopped" from claiming the benefit of the regulation limiting the effective period of the permit, because his appeal had caused the protracted process of considering the defendant's rights. Fromerv. Two Hundred Post Associates, supra, 5 Conn. L. Rptr. 177,1991 Ct. Sup. 9019.
This court finds that the Mercieris had appropriately sought the protection tendered by General Statutes § 8-8(g) through their Motion for Restraining Order, albeit without success. The court further finds that the defendants actively opposed the plaintiffs' efforts to obtain permission to continue building by objecting to their Motion for Restraining Order. Under these circumstances, it would be unfair and unjust to permit the defendants to prevail on their Motion to Dismiss by relying upon their claim that the plaintiffs failed to obtain earlier relief through application for judicial process within the meaning of General Statutes § 8-8(g).
 II
The defendants further claim that operation of law has rendered the plaintiffs' building permit invalid, because the legal effectiveness of this permit has lapsed due to the passage of time. While the defendants assert that the appeal is therefore moot, the court reaches a contrary conclusion, and finds this issue in favor of the plaintiffs.
In support of their claim, the defendants have relied upon certain provisions of the State of Connecticut Basic Building Code. UnlikeASL Associates v. Proch, supra, 3 Conn. L. Rptr. 28, 1990 Ct. Sup. 4684, and Fromer v. Two Hundred Post Associates, supra, 5 Conn. L. Rptr.1991 Ct. Sup. 9015, the defendants in the instant case have not provided the court with any regulations adopted by the City of Bristol which would have limited the effective time period for a building permit or zoning certificate issued by its agents or employees on April 22, 1991. The defendants apparently urge the court to ratify their interpretation of the State of Connecticut Basic Building Code — Administration and Enforcement, Section 113.2.1, Lapse or termination of permit, which provides that "[a]ny permit issued shall lapse . . . if the building CT Page 9910 official finds that the authorized work, once started, was suspended for a period of six (6) months, or that the authorized work has been abandoned."[8]
The plaintiffs had operative permission to construct their addition from November 19, 1990, when the original zoning certificate and building permit were granted, through February 1, 1991, when the City of Bristol issued its first cease and desist order. The plaintiffs had timely commenced and continued construction pursuant to the documents provided to them by the City of Bristol on November 19, 1990. Thereafter, the plaintiffs had operative permission to construct their addition, under amended plans, from April 22, 1991 until April 24, 1991, when the defendants appealed the granting of the second zoning certificate. There is no evidence that construction upon the addition took place from April 22, 1991 through April 24, 1991.
It is clear that more than six months transpired between April 22, 1991, when the plaintiffs' received the zoning certificate, and January 24, 1994, when the defendants filed their motion to dismiss the plaintiffs' Superior court appeal. However, the defendants have presented no evidence which could form the basis for a reasonable conclusion that the plaintiffs have at any time "suspended" or "abandoned" work upon the project within the intended application of Basic Building Code Section 113.2.1. The plaintiffs stopped construction only in compliance with orders issued by the City of Bristol, or in direct response to the defendants' appeal from the granting of the zoning certificate. There is no indication that the plaintiffs would have "suspended" or "abandoned" work upon their addition, absent such orders or the defendants' appeal.
The defendants elected to intervene in the plaintiffs' construction by appealing decisions made by the City of Bristol's Building Officials. When the plaintiffs sought the opportunity to continue construction, the defendants objected to the plaintiffs' July 22, 1991 Motion for Restraining Order. In an excess of caution, the plaintiffs may have additionally moved the Superior court for an order to stay the potential effect of Basic Building Code Section 113.2.1. Such application for procedural succor was unnecessary, however, given the posture of this case, where there is no indication that the plaintiffs voluntarily, or as the result of their own decision, ceased construction activities. CT Page 9911
This court adopts the reasoning presented in Fromer v. TwoHundred Post Associates, 5 Conn. L. Rptr. 177, supra,1991 Ct. Sup. 9019-9020. As Judge Leuba noted in that decision, it would be "peculiarly inappropriate" to allow a party, by appealing the granting of a zoning certificate, to effectively render an associated building permit void due merely to the passage of time required for resolution of the appeal. Under circumstances such as those presented here, it would be unfair, unjust, and contrary to the principles of "the judicial policy of avoiding unnecessary economic waste" if the defendants could prevail on their Motion to Dismiss through application of Basic Building Code Section 113.2.1. without a showing that the plaintiffs had intentionally or voluntarily ceased construction upon the addition. AmericanBank of Connecticut v. Eagle Construction Co., supra, 10 Conn. App. 251.
WHEREFORE, as the court has found that the plaintiffs properly availed themselves of judicial process through their Motion for Restraining Order, and as the court has found that the plaintiffs' building permit is not void by application of the State of Connecticut Basic Building Code — Administration and Enforcement, Section 113.2.1, Lapse or termination of permit, the defendants' Motion to Dismiss dated January 24, 1994 is hereby DENIED.