[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The complaint alleges the following facts. From August 12, 1985 through March of 1986, the plaintiff, William Reynolds, was employed as an aviation pilot by the defendant, Champion International Corporation (Champion). The plaintiff was furloughed from this position in March of 1986, was rehired in July of 1988, and was terminated some time after September, 1997. In January, 1998, the plaintiff and Champion entered into a written severance agreement in which the plaintiff agreed to waive any claims he might have against Champion arising out of his termination. Champion agreed (1) to provide a neutral letter of reference for the plaintiff, and (2) to refer any verbal or written inquiries from third parties about the plaintiff to the human resources department which would respond with a neutral reference.
On August 4, 1999, the plaintiff filed a four count, amended complaint against Champion and four individuals, Robert W. Burke (Burke), Kay M. Combs (Combs), William C. Foster, Esq. (Foster), and Kenwood C. Nichols (Nichols) who the plaintiff alleges acted as agents, servants or employees of Champion. Burke, Combs, Foster, and Nichols are collectively referred to herein as the defendants. The complaint sounds in breach of contract (count one); libel per se (count two); recklessness (count three); and intentional infliction of emotional distress (count four).
Champion filed an answer containing seven special defenses. The plaintiff has moved to strike the fourth, fifth, sixth and seventh special defenses.[1] The defendants have moved to strike the complaint in its entirety.
 I
The court first addresses the defendants' motion to strike the complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). CT Page 1391 "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "If facts provable in a count of a complaint would support a cause of action, the motion to strike that count must be denied. . . ." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, supra,244 Conn. 271.
The defendants move to strike each count of the complaint because, they argue, at all the relevant times, they were acting as agents within the scope of their employment. Thus, they have no individual liability for any harm to the plaintiff.
"It is . . . true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby. First National Bank Trust Co. v.Manning, 116 Conn. 335, 340, 164 A.2d 881 [1933] [treasurer of bank personally liable for wrongful payment to depositor]; Semplev. Morganstern, 97 Conn. 402, 404, 116 A.2d 906 [1922] [president of corporation personally liable for conversion of automobile];Bennett v. Ives, 30 Conn. 329, 334 [1862] [treasurer of savings bank liable for wrongfully paying money of deceased] . . . ."Scribner v. O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160
(1975) (agent and officer liable for negligence in construction of improvements subject to contract by principal); see alsoMaturo v. Gerard, 196 Conn. 584, 588-89, 494 A.2d 1199 (1985) (agent liable for fraudulent misrepresentation); Brown v. Ellis,40 Conn. Sup. 165, 169, 484 A.2d 944 (1984) (supervisor may be liable for intentionally inflicting emotional distress on employee); Restatement (Second), Agency § 343.
The second count alleges that the defendants maliciously published libelous statements concerning the plaintiff. The third count alleges that the defendants maintained and altered the plaintiff's personnel file in a reckless manner. The fourth count alleges that the defendants acted in such a manner as to intentionally inflict emotional distress on the plaintiff. Because counts two, three and four allege personal involvement by the defendants, the motion to strike these counts is denied.
The defendants' motion to strike the first count stands on CT Page 1392 different footing. After enumerating the various capacities in which the defendants were agents, servants or employees of Champion, the first count alleges that the plaintiff and Champion
entered into a written severance agreement which Champion and the defendants breached by: (1) intentionally adding false and defamatory statements to the plaintiff's personnel file and by intentionally deleting favorable information from this file; (2) failing to refer verbal inquiries about the plaintiff to the human resources department; (3) failing to provide a neutral reference; (4) releasing a copy of the personnel file without a neutral reference; and (5) failing to provide a timely copy of the plaintiff's personnel file to a prospective employer.
Since the defendants are not alleged to have been parties to the contract, they cannot be held liable for its breach. SeeSaltzman v. Atlantic Realty Co., 434 A.2d 1343, 1345 (R.I. 1981); 17B C.J.S., Contracts § 632 (1999).
Even if the first count is construed to include a claim of intentional interference with contractual relations[2], however, it may not be maintained against the defendants. "It has long been considered tortious either to induce a breach of contract or to interfere with financial expectancies. Unfortunately, courts have tended to confuse these two types of actions, and there is no clear enumeration of their requisite elements. However, it is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two other
parties. . . . [A]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract, . . . [the agent] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." (Citations omitted; internal quotation marks omitted.) Wellington Systems, Inc. v. Redding Group, Inc.,49 Conn. App. 152, 168, 714 A.2d 21 (1998), cert. denied,247 Conn. 905, 720 A.2d 516 (1998).
There is nothing in the complaint that suggests that the defendants used corporate power improperly for personal gain and, therefore, were not acting legitimately within the scope of their duties. Compare Bowman v. Grolsche Bierbrouwerij B.V.,
CT Page 1393474 F. Sup. 725, 733 (D. Conn. 1979); Appleton v. Board of Education,53 Conn. App. 252, 267-68, 730 A.2d 88 (1999). The defendants' motion to strike the first count of the complaint is granted.
 II
Also before the court is the plaintiff's motion to strike Champion's special defenses. The gravamen of the motion is that the special defenses are improper because they do not state facts which are consistent with the plaintiff's statements of fact and show, notwithstanding, that the plaintiff has no cause of action. "The purpose of a special defense is to plead facts that are consistent with the allegations of the compliant but demonstrate, nonetheless, that the plaintiff has no cause of action. . . ." (Citations omitted; internal quotation marks omitted.) Danbury v.Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1138 (1999); see Practice Book § 10-50 ("[f]acts which are consistent with [the plaintiff's] statements [of fact] but show, notwithstanding, that the plaintiff has no cause of action must be specially alleged").
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Practice Book § 152 [now § 10-39]." Krasnow v. Christensen, 40 Conn. Sup. 287,288, 492 A.2d 850 (1985). In ruling on the plaintiff's motion to strike, the court is "[obliged] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). If the allegations in the challenged pleading support any legally sufficient defense, the motion to strike must be denied. See Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980); see Alpha CraneService v. Capitol Crane, 6 Conn. App. 60, 77, 504 A.2d 1376
(1986); Krasnow v. Christensen, supra. This court addresses the legal sufficiency of Champion's special defenses seriatim.
 A.
The plaintiff moves to strike Champion's fourth special defense. The fourth special defense is addressed to the first count of the complaint only, which claims a breach of contract. In its fourth special defense Champion alleges that, pursuant to the severance agreement, it agreed to provide a neutral reference for the plaintiff in response to verbal or written inquiries made CT Page 1394 to Burke but that Champion received no such written inquiry. The plaintiffs' complaint, however, does not allege a breach of contract with respect to written inquiries but with respect to verbal inquiries. Thus, this defense does not show that the plaintiff has no cause of action since it does not aver that Champion provided a neutral reference to both verbal and written inquiries.
 B.
The fifth special defense also is directed to the first count. It alleges: (1) the plaintiff and Champion agreed that Champion would provide a neutral reference in response to either verbal or written inquiries made to Burke; (2) the only instance in which Champion provided documents relating to Plaintiff's employment was in response to a request for specific documents made pursuant to the PRIA; (3) Champion provided all of the documents required by the federal law; (4) PRIA compliance does not necessitate provision of a reference letter; and (5) accordingly, count one of the complaint fails to state facts sufficient to constitute a cause of action.
Preliminarily, the defendant's reference to the acronym "PRIA" is insufficient compliance with Practice Book § 10-3(a) which provides: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by itsnumber." (Emphasis added.) The requirement, however, is directory; see Steele v. Stonington, 225 Conn. 217, 221 n. 7,622 A.2d 551 (1993); and noncompliance is excused "where the record discloses that neither the opposing party nor the trial court were confused or misled as to the statutory basis of the party's claim." Skakel v. Benedict, 54 Conn. App. 663, 684, ___ A.2d ___ (1999); see Goodrich v. Diodato, 48 Conn. App. 436, 443,710 A.2d 818 (1998). Such is the case here.[3]
On a motion to strike, the court is duty-bound to give the allegations of a special defense "the same favorable construction a trier would be required to give in admitting evidence under them. . . ." Mingachos v. CBS, Inc., supra, 196 Conn. 108-09. Moreover, what is necessarily implied need not be expressly alleged. See Holler v. Buckley Broadcasting Corporation, supra,47 Conn. App. 768.
Construing the fifth special defense generously to the CT Page 1395 defendants, as the court must, that defense alleges that Champion was required by federal law to provide certain documents. In paragraph 13 of the plaintiff's first count, which alleges how the plaintiff claims that Champion breached its agreement with the plaintiff, the only allegation that complains about Champion's production of documents alleges that Champion "released a copy of the plaintiff's personnel file which failed to include the neutral letter of reference. . . ." It is true "that parties contract with reference to existing law, except when the contract discloses a contrary intention. Ciarleglio v.Benedict Co., 127 Conn. 291, 293, 16 A.2d 593 (1940). Unless the agreement indicates otherwise, a statute existing at the time an agreement is executed becomes a part of it and must be read into it just as if an express provision to that effect were inserted therein. Id." Hatcho Corporation v. DellaPietra, 195 Conn. 18, 21, 485 A.2d 1285 (1985). However, that PRIA does not require providing a letter of reference does not suggest that PRIA precludes including such a letter, where there is an agreement to do so. As presently framed, the fifth special defense is neither a complete nor partial defense to the first count. For this reason, it is ordered stricken.
 C.
The sixth special defense is directed to the second count, which alleges libel. The sixth special defense alleges that Champion "responded in good faith to the one PRIA request received by Champion according to its understanding of the questions and request for documents."
Notably, while good faith is an essential element of privilege conditioned upon statements made in the course of official duties; Miles v. Perry, 11 Conn. App. 584, 594-95, 529 A.2d 199
(1987); "privilege is an affirmative defense in a defamation action and must, therefore, be specifically pleaded by the defendant." Id., 594 n. 8; see Monczport v. Csongradi,102 Conn. 448, 450-51, 129 A.2d 41 (1925). This defense does not claim that Champion was in any way privileged to do what it did. "[A] conditional privilege may be recognized only where the statement is made in good faith, without malice, in an honest belief in the truth of the statement, and in the discharge of a . . . private duty." Miles v. Perry, supra, 11 Conn. App. 594 n. 8. Therefore, in the absence of any claim that the plaintiff was privileged, good faith is not a defense barring a cause of action in libel.Craney v. Donovan, 92 Conn. 236, 244, 102 A.2d 640 (1917). CT Page 1396
The seventh special defense repeats the allegation of "good faith" as set forth in the sixth special defense and asserts that counts two, three and four therefore fail to state a cause of action. Again, good faith is not a defense to libel. See Miles v.Perry, supra, 11 Conn. App. 594 n. 8. Also, good faith is not a defense that is "consistent," as required by Practice Book §10-50, with the claim of recklessness in the third count; seeDubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988);Waterbury Petroleum Products v. Canaan Oil Fuel, 193 Conn. 208,238, 477 A.2d 988 (1984); Charles Parker Co. v. Silver CityCrystal Co., 142 Conn. 605, 618, 116 A.2d 440 (1955); Dwyer v.Redmond, 103 Conn. 237, 241, 130 A. 108 (1925); Everett v.Pabilonia, 11 Conn. App. 171, 178, 526 A.2d 543 (1987);McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251, 255,217 A.2d 229 (1965); Langlois v. Administrator, 24 Conn. Sup. 177, 179,188 A.2d 507 (1963); Restatement (Second), Torts, § 500, comment (g) (1977); and, of course, is not consistent with intentional infliction of emotional distress in the fourth count. "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . [I]t is the intentto cause injury that is the gravamen of the tort. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 267,597 A.2d 807 (1991).[4]
The motion of the defendants Nichols, Foster, Burke and Combs, is granted as to the first count and denied as to the second, third and fourth counts. The motion of the plaintiff to strike the fourth, fifth, sixth and seventh special defenses of the defendant Champion International Corporation is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court