[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RESTRAINING ORDER
 I
The defendant, Sound Investors, LLC ("Sound") is the owner of property located at the juncture of Two Commercial Parkway and North Main Street in the Town of Branford. On August 15, 2000, following a public hearing, the defendant, the Branford Zoning Board of Appeals ("the Board"), CT Page 14703 granted a variance to Sound allowing for the construction of a retaining wall, fourteen feet in height and two hundred twenty four feet in length, near the rear, northerly, border of the property. The plaintiff, CSC Montoya, Limited Partnership, ("Montoya"), claiming aggrievement as an abutting landowner, appealed the Board's decision to this Court. Montoya also filed its Motion for a Restraining Order, asking this Court to stay the effect of the Board's decision until Montoya's appeal is heard and acted upon by the Court. A hearing on said motion was held on November 6, 2000. The plaintiff filed a memorandum of law in support of its motion on November 14, 2000 and the defendant Sound filed its memorandum in opposition on November 16, 2000.
 II
The property in question is in a commercial zone and two detached buildings are located on the lot. One building is leased by Starbucks Coffee, which operates a retail coffee shop on the premises. The lot is abutted in the rear by a cliff and lies at the base of said cliff. The adjacent property at the top of said cliff is owned by Montoya. In the autumn of 1999, Sound, concerned about intermittent rock slides, hired a crane operator to remove loose rock from the face of the cliff and it appears that the contractor performed some work to accomplish that aim.
On February 29, 2000, a large quantity of rock, estimated at some ninety tons, slid from the cliff onto the Starbucks section of the property The Town of Branford ordered that Starbucks be shut down and ordered Sound to remediate the safety problem created by such rockslides. The retaining wall was proposed as an effort to achieve such remediation. Following the Board's approval of the variances sought, Sound commenced construction of the wall, and apparently construction has continued despite Montoya's filing of its appeal of the Board decision. Now comes Montoya, seeking a restraining order, alleging, inter alia,
irreparable harm to it if the construction is allowed to continue.
 III
General Statutes, Section 8-8 (g) states, in pertinent part: "The appeal . . . shall not stay proceedings on the decision appealed from. However, the court to which the appeal is returnable may grant a restraining order, on application, and after notice to the board and cause shown.
To obtain a temporary restraining order to preserve the status quo a movant must show (1) a reasonable degree of probability of success on its appeal; and (2) irreparable loss unless the status quo is preserved,Griffin Hospital v. Commission on Hospitals Health Care, 196 Conn. 451, CT Page 14704 457-58. The Court then can go on to apply a "balancing of the equities" test. Id.
Here, the likelihood of success on the merits turns on the issue of hardship. General Statutes, § 8-6 provides, in pertinent part, that a zoning board of appeals has the power and duty "(3) to determine and vary the application of the zoning by-laws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such by-laws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . ." "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone'. Bloom v. Zoning Board of Appeals,233 Conn. 198, 207 (citation omitted). Accordingly, a zoning board of appeals is authorized to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance and neither financial loss nor the potential for economic gain is the proper basis for granting a variance, Id., at 207-08. (Citations ommitted). That is not to say that financial impact may not be a consideration. A showing that an applicant would suffer unusual hardship that would deprive him of the reasonable commercial use of his property if the code were strictly applied can support the granting of a variance, Giarrantano v. Zoning Board of Appeals,60 Conn. App. 446, 453.
It will be difficult to obtain a restraining order unless there is a showing of irreparable injury to the plaintiff if the order is not granted, Fuller, Land Use Law Practice, S.41.2, p. 299 (2d ed., 1999). "Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." Karls v.Alexandra Realty Corporation, 179 Conn. 390, 402. "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it", Id.(citation omitted). While an applicant may CT Page 14705 proceed with construction while an appeal is pending, he does so at his own risk.
Because the plaintiff has failed to establish either a reasonable degree of probability of success on the merits of its appeal, or irreparable injury, the Court will deny the plaintiff's motion.
 IV
With regard to hardship, the plaintiff claims that any hardship suffered by Sound is self-created, in that the rock removal work undertaken by Sound's contractor in autumn of 1999 caused the rock slide of February 29, 2000; moreover, the need for a setback variance is caused by Sound's desire to have two lanes for vehicular traffic at the rear of the Starbucks building, in proximity to the cliff. The plaintiff failed to introduce evidence sufficient to support its claims. There was testimony at the August 15 public hearing that rock falls and rock slides had occurred both before and after the autumn removal effort. There was expert testimony that the cliff face, or sections of it, was fissured and unstable. There was no testimony to support the claim that constructing the wall farther from the cliff foot would be as effective in controlling rock slides. There was substantial evidence in the record to support the conclusions that the applicant's hardship stemmed from the peculiar characteristic of the subject property, situated at the foot of a steep, unstable cliff; that literal application of the regulations to Sound's property would produce an unusual hardship, one not common to other properties in the district; that said hardship was not self-created; that the hardship went beyond simple financial loss, extending to deprivation of reasonable use of the subject property; that there were issues of public safety and welfare which the Board could properly consider in deciding on the application. Based on its review of the evidence, testimony and memoranda of law, the Court concludes that the plaintiff has failed to establish a reasonable likelihood of success on the merits.
 V
The plaintiff's claim of irreparable injury rests upon two propositions. (1) The retaining wall is an untested design with no assurance that it will be effective in preventing damage or injury from future rock slides. (2) The plaintiff, Montoya, as owner of the cliff, may, in the future, be exposed to "serious financial liability" should the said wall fail and someone suffer injury as a result of a future rock slide. Assuming, arguendo, both propositions are true, they do not establish a substantial probability of irreparable harm. Rather, the plaintiff's claim is predicated on mere fears and apprehensions. CT Page 14706
Moreover, there is a logical disconnect in the plaintiff's argument. It is undisputed that the retaining wall in question is partially completed. The plaintiff is asking this Court to maintain the status quo pending the outcome of its appeal. The plaintiff has failed to show why a partially completed wall, or no wall, would insulate the plaintiff from claims of damage or injury suffered by future victims of possible future rock slides.
The plaintiff attempts to buttress its argument by suggesting that once the wall is completed, "it will be virtually impossible to deconstruct" it, should the appeal be successful. The plaintiff offered no evidence in support of this proposition. As the plaintiff states, the defendant Sound, in proceeding to build the said wall while an appeal is pending, "chose to take the risk" that the appeal is upheld. Connecticut case law is far from devoid of instances where the upholding of a land use appeal resulted in painful consequences for a party who chose to take such risk. See, e.g., McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251,255 (proceeding with the elevation of an existing two-story house to a three-story house while appeal pending is a "reckless act"); Wil-NorCorporation v. Zoning Board of Appeals, 146 Conn. 27 (corner of commercial building found located in residential district of neighboring town; violation ordered removed); Hadik v. Zoning Board of Appeals,146 Conn. 737, 738 (any hardship in requiring plaintiffs to relocate swimming pool was of plaintiff's own making).
 VI
The plaintiff, CSC Montoya Limited Partnership, has failed to establish either reasonable probability of success on the merits of its appeal, or irreparable injury to it, if its motion for temporary restraining order is not granted. The plaintiff's motion for temporary restraining order, is, accordingly, denied.
By the Court,
John T. Downey, Judge Trial Referee